Janet M. Herold, Regional Solicitor
Daniel J. Chasek, Associate Regional Solicitor
**Sonya P. Shao**, Attorney (CSBN 300832)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-1592
Facsimile:  (213) 894-2064
*shao.sonya.p@dol.gov*
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>    Secretary of Labor,<br>    United States Department of Labor,[1]<br><br>                         Plaintiff,<br>            v.<br><br>COLIMA'S CARNICERIA Y TAQUERIA, a California business; MARIA COBIAN, an individual; and MARTIN COBIAN, an individual,<br><br>                         Defendants. | Case No. 1:16-CV-01249-LJO-SKO<br><br>**CONSENT JUDGMENT AND ORDER**<br><br>Judge: Lawrence J. O'Neill<br>Trial date: October 31, 2017 |

Plaintiff Secretary of Labor and Defendants Colima's Carniceria y Taqueria, a California business; Maria Cobian, an individual; and Martin Cobian, an individual, (collectively "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment for violations of the Fair Labor Standards Act ("FLSA").

1.   The Secretary filed a Complaint alleging that Defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), and 215(a)(5).

---

[1] On April 28, 2017, R. Alexander Acosta was sworn in as the Secretary of Labor. Pursuant to FRCP 25(d) Mr. Acosta is substituted as the Plaintiff in this action.

2. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action. Defendants further admit that venue lies in the eastern district court for the District of California.

3. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to entry of this Judgment in settlement of this action, without further contest.

4. Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction or in conjunction with Defendants have notice of, and understand, the provisions of this Consent Judgment and Order.

5. Defendants admit that at all relevant times Colima's Carniceria y Taqueria was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

6. Defendants admit that at all relevant times Colima's Carniceria y Taqueria, Maria Cobian, and Martin Cobian were employers of Colima's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. Defendants admit that during the period December 7, 2012 to December 6, 2015, Defendants failed to pay employees time and a half their regular rate for hours that employees worked over 40 in a workweek.

8. Defendants admit that during the period December 7, 2012 to December 6, 2015, Defendants failed to make, keep, and preserve accurate records of the wages, hours, and other conditions and practices of employment.

9. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment and Order, threatening any employee for accepting monies due under this Consent Judgment and Order, or threatening any employee for exercising any of his or her rights under or related to the FLSA is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

10. Defendants shall not attempt, in any way, to coerce their employees into accepting straight time pay for hours over forty in a workweek – this includes, but is not limited to, coercing employees into signing waivers of their FLSA rights, which would be unenforceable in any event.

11. It is therefore, upon motion of the attorneys for the Secretary, and for cause shown, HEREBY ORDERED, ADJUDGED, AND DECREED that under Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, including but not limited to family members or friends in active concert or participation with Defendants or family members or friends acting on their behalf or at their direction, are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

12. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, less than time and one half the employees' regular rate for hours worked in excess of 40 hours in a workweek.  Defendants shall not attempt, in any way, to coerce their employees into accepting straight time pay for hours over forty in a workweek.

13. Defendants shall not, contrary to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), fail to make, keep, and preserve accurate records of the wages, hours, and other working conditions and practices of each and every employee who performs any work for Defendants.  To this end, Defendants shall implement a mechanized time clock system that shows all hours worked by employees on their time cards, including the computation of all hours worked in a day and any overtime hours. Furthermore, for each pay period after entering into this Consent Judgment and Order, Defendants shall permit each employee review her/his timecards, so that they may write in corrections if necessary.

14. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any Department of Labor investigation of wage or other violations.  This means that Defendants shall not coerce, intimidate, threaten, discipline, or terminate any employees whom they believe have reported

complaints or provided information to the Department of Labor, or attempt to deter complaints made, or communications to, the Department of Labor.  Defendants also shall not instruct or ask their employees to provide false information to the Department of Labor concerning the terms and conditions of their employment, including but not limited to hours or days worked.

15. Within ten (10) calendar days of the date that Defendants sign this Consent Judgment and Order, Defendants shall provide each of their current employees with a copy of the Notice of Rights, as set forth in the attached **Exhibit A**, which summarizes in English and Spanish the terms of this Consent Judgment and Order and provides guidance from the U.S. Department of Labor regarding employees' rights under the FLSA.

16. Within ten (10) calendar days of the date that Defendants sign this Consent Judgment and Order, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

   a. For a period of eighteen (18) months after signing the Consent Judgment and Order Defendants shall post **Exhibit A** in prominent locations at Defendants' current facilities (for example, near the facility's time clock);

   b. Defendants shall provide a copy of **Exhibit A** with the first paycheck for the first pay period following entry of this Consent Judgment and Order to all current employees; and

   c. For a period of eighteen (18) months after signing the Consent Judgment and Order, Defendants shall provide a copy of **Exhibit A** to all newly hired employees on or before the date when the employee begins performing work for Defendants.

17. Within ten (10) calendar days of the date that Defendants sign this Consent Judgment and Order, Defendants shall display up-to-date U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA in a prominent location at Defendants' work site (for example, near the facility's time clock). Copies of these posters are available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

18. Defendants shall, within thirty (30) days of the date that Defendants sign this Consent Judgment and Order, hold a meeting with all employees of Colima's, at a date and time agreeable to the Wage Hour, and when Wage Hour will be present.  At the all-employee meeting, Defendants Maria

Cobian and Martin Cobian will tell all employees that all employees will receive time and a half for all hours worked over forty in a workweek. They will also tell all employees that they have the right to talk to Wage Hour, including if they believe they are not being paid properly, and that Defendants will take no action to deter them or retaliate if they do so. They will also tell all employees that they will keep proper time records of hours worked.

19. ORDERED, ADJUDGED and DECREED that Defendants, jointly and severally, shall not withhold payment of **$50,000.00**, which represents the backwages hereby found due in unpaid overtime to Defendants' employees in **Exhibit B,** for Defendants' FLSA violations for the time periods stated in the Exhibit B.

20. IT IS FURTHER ORDERED and ADJUDGED that the plaintiff shall also have and recover from the Defendants, jointly and severally, the additional amount of **$50,000.00** (constituting 100 percent of the back wages that so became due and unpaid in each instance) as and for liquidated damages hereby found to be due under the FLSA.

21. To accomplish the requirements of Paragraphs 19 and 20, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, attn.: Nora Pedraza, 906 N Street, Suite 105, Fresno, California 93721 the following:

    i. Within 5 days of execution of this Consent Judgment and Order, a cashier's check for $20,000 as a down payment on the monies due, made out to: "Wage and Hour Div., Labor," with "Colima's Carniceria, LDs" written in the memo line.

    ii. Within 30 days of execution of this Consent Judgment and Order, a cashier's check for $30,000 as a down payment on the monies due, made out to: "Wage and Hour Div., Labor," with "Colima's Carniceria, LDs" written in the memo line.

    iii. By September 30, 2017, Defendants shall deliver a cashier's check for $50,000 as total amount of any remaining backwages or liquidated damages due under Paragraphs 19 and 20 made out to: "Wage and Hour Div., Labor," with "Colima's Carniceria, BW" written in the memo line.

22. Defendants, their agents, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, including but not limited to family members or friends in active concert or participation with Defendants or family members or friends acting on their behalf or at their direction, shall not:

    a. Request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to employees under the provisions of this Consent Judgment and Order or the FLSA;

    b. Accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages paid to employees under the provisions of this Consent Judgment and Order or the FLSA; or

    c. Discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any employee because he or she has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment and Order or the FLSA.

23. FURTHER, JUDGMENT IS HEREBY ENTERED, in favor of the Secretary as a judgment owed to the United States of America and against Defendants, jointly and severally, in the total amount of $100,000.00, which includes the $50,000.00 in unpaid overtime compensation referenced above to the present and Defendants' employees who are identified in Exhibit B, plus an additional equal amount of $50,000.00 as statutorily authorized liquidated damages ("Liquidated Damages"), for a total of $100,000.00.

### IV.  PAYMENT

24. Defendants shall pay the monies due under this Consent Judgment and Order as follows:

    a. Within 5 days of execution of this Consent Judgment, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Assistant District

   Director Nora Pedraza, at 906 N Street, Suite 105, Fresno, California 93721 or Pedraza.Nora@dol.gov, a schedule containing: (1) the employer's name, employer identification number(s), employer addresses and telephone numbers, and (2) for each employee listed in the attached **Exhibit B**, if known, the employee's last known home address, email address, Social Security number, home telephone number, and mobile telephone number.

 b. Within 5 days of execution of this Consent Judgment**,** Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Assistant District Director Nora Pedraza, at 906 N Street, Suite 105, Fresno, California 93721, a cashier's check for $20,000 as a down payment on the monies due, made out to: "Wage and Hour Div., Labor," with "Colima's Carniceria, LDs" written in the memo line.

 c. Within 30 days of execution of this Consent Judgment, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Assistant District Director Nora Pedraza, at 906 N Street, Suite 105, Fresno, California 93721, a cashier's check for $30,000 as a down payment on the monies due, made out to: "Wage and Hour Div., Labor," with "Colima's Carniceria, LDs" written in the memo line.

 d. By no later than **September 30, 2017**, Defendants shall deliver to Wage and Hour Division, United States Department of Labor, Attn: Assistant District Director Nora Pedraza, at 906 N Street, Suite 105, Fresno, California 93721, a cashier's check for $50,000 to satisfy their remaining obligation under Paragraphs 19 and 20, payable to the order of the "Wage & Hour Div., Labor," with "Colima's, BWs" in the memo line.

25. The Secretary shall distribute the amounts due to the employees identified in the attached **Exhibit B**, or if necessary to the employees' estates, in his sole discretion. The Secretary shall make the required legal deductions for the employee's portion of Social Security and federal income tax withholding, and remit these amounts to the appropriate government agencies. Defendants are responsible for the employer portion of any taxes due on these funds. Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of a payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit

1  the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

2      26.    IT IS FURTHER ORDERED that each party shall bear its own fees and expenses incurred by the party in connection with any stage of this proceeding to date, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

    27.    IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA§ 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit B nor as to any employee named on the attached Exhibit B for any period not specified therein;

    28.    IT IS FURTHER ORDERED that the parties to the Complaint and their officers, owners, agents, or directors, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, shall comply with the terms of this Consent Judgment and Order;

    29.    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

IT IS SO ORDERED.

Dated:  **June 15, 2017**        **/s/ Lawrence J. O'Neill**
                                          UNITED STATES CHIEF DISTRICT JUDGE

| | |
|---|---|
| *[signature]*<br>**KEVIN KOLIGIAN**<br>Attorney for Defendants Colima's Carniceria y Taqueria, Maria Cobain and Martin Cobian<br>Dated: 6/14/17 | NICHOLAS C. GEALE<br>Acting Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>DANIEL J. CHASEK<br>Associate Regional Solicitor<br><br>*[signature]*<br>SONYA SHAO, Attorney<br>Attorneys for the Plaintiff<br><br>Dated: 6/14/2017 |
| *[signature]*<br>**MARIA COBIAN**<br>Individually and as managing agent for Defendant Colima's Carniceria y Taqueria<br>Dated: 6/14/17 | |
| *[signature]*<br>**MARTIN COBIAN**<br>Individually<br>Dated: 6/14/17 | |

## EXHIBIT A

## LEGAL NOTICE TO ALL EMPLOYEES

To resolve a lawsuit brought by the **Department of Labor**, the United States District Court entered an Order forbidding Colima's Carniceria y Taqueria, Martin Cobian, and Maria Cobian from violating the overtime and recordkeeping requirements of the Fair Labor Standards Act. All employees who work in this establishment can help the employer not to violate the Court's Order.

**If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (559) 487-5317 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

In a settlement with the United States Department of Labor, Colima's Carniceria y Taqueria, Martin Cobian, and Maria Cobian have voluntarily agreed to pay back wages and liquidated damages provided for in this judgment and to take other steps to ensure compliance with the Fair Labor Standards Act ("FLSA"). The **FLSA** provides that all employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. You may have additional rights under California law. Meal breaks of at least 30 minutes, during which the employee is completely free from work, are exempted from this requirement.

The FLSA and an Order issued by the United States District Court prohibits retaliation against any employees who complain about their pay or work hours. The Court has prohibited Martin Cobian and Maria Cobian and anyone acting on their behalf from retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening the employees or former employees of Colima's Carniceria y Taqueria in any way for providing information to the Department of Labor or complaining about their hours or pay.

# NOTICIA LEGAL A TODOS LOS EMPLEADOS

Para resolver una demanda presentada por el Departamento de Trabajo, el Tribunal Distrito de los Estados Unidos emitió una Orden prohibiendo Colima's Carniceria y Taqueria, Sr. Martin Cobian, y Sra. Maria Cobian de violar los requisitos de las horas del sobre tiempo, las provisiones de investigación, y las provisiones contra la represalia de La Ley De Normas Justas De Trabajo ("FLSA"). Todos los empleados que trabajan en este establecimiento pueden ayudar al empleador a no violar la Orden del Tribunal. Si usted piensa que no le están pagando de acuerdo con la ley, llame al Sección de Horas y Sueldos del Departamento de Trabajo de los Estados Unidos a (**559) 487-5317** y su nombre se mantendrá confidencial.

En resolución con el Departamento de Trabajo, Colima's Carniceria y Taqueria, Sr. Martin Cobian, y Sra. Maria Cobian han voluntariamente quedado de acuerdo de pagar salarios atrasados y daños liquidados provisto en este juicio y tomar otros pasos para asegurar complimiento con la Ley de Normas Justas de Trabajo.

La Ley De Norma Justas De Trabajo exige que todos los empleados deban ser pagados el sueldo mínimo por todas las horas trabajadas. Además, los empleados deban ser pagados el sobretiempo, a tiempo y medio de su tasa del pago regular, por todas las horas trabajadas en exceso de 40 en una semana laboral. Usted puede tener derechos adicionales bajo la ley de California. Descansos para comer por lo menos de 30 minutos y que están completamente libre del trabajo no requiere ser pagados.

La Ley De Normas Justas De Trabajo y la Orden emitida por el Tribunal Distrito de los Estados Unidos han prohibido represalias contra cualquier empleado que se queja de su pago o horas de trabajo. El Tribunal ha prohibido los dueños d Colima's Carniceria y Taqueria y cualquier persona que actué en nombre del empleador de tomar represalias contra, amenazando con tomar represalias en contra, intimidar, o el intento de influir o de cualquier manera amenazar los empleados o ex empleados de Colima's Carniceria y Taqueria en cualquier forma de proporcionar información al Departamento de Trabajo o quejándose de sus horas o pago.

## EXHIBIT B

| Name | Period Covered | | Back Wages | Liquidated Damages | Total |
|---|---|---|---|---|---|
| Barajas, Marcos | 10/4/15 | 12/06/15 | $268.53 | $268.53 | $537.06 |
| Gutierrez, Carlos | 6/23/13 | 12/06/15 | $7,705.30 | $7,705.30 | $15,410.60 |
| Lazaro, Ricardo M | 6/23/13 | 12/06/15 | $2,437.86 | $2,437.86 | $4,875.72 |
| Nunez Sanchez, Juan A | 6/23/13 | 12/06/15 | $10,044.89 | $10,044.89 | $20,089.78 |
| Olivera, Domingo | 6/23/13 | 12/06/15 | $6,147.75 | $6,147.75 | $12,295.50 |
| Rodriguez, Claudia | 6/23/13 | 12/06/15 | $505.50 | $505.50 | $1,011.00 |
| Ruiz, Edgar | 1/11/15 | 12/06/15 | $3,525.82 | $3,525.82 | $7,051.64 |
| Sotelo, Marlene | 6/23/13 | 12/06/15 | $19,364.35 | $19,364.35 | $38,728.70 |
| **Total** | | | **$50,000.00** | **$50,000.00** | **$100,000.00** |